## THE STATE v. CHARLES MIDDLETON, Appellant.

**Division Two, June 23, 1914.**

Appeal from Iron Circuit Court.—*Hon. W. N. Evans,* Judge.

REVERSED.

*Edgar & Edgar* and *J. H. Raney* for appellant; *Orchard & Cunningham* of counsel.

*John T. Barker,* Attorney-General, for the State; *Paul P. Prosser* and *S. P. Howell* of counsel.

ROY, C.—The defendant was convicted of rape under an indictment against him and Charles Parris and others. There were separate trials after severance. The facts are substantially the same in all these cases. In accordance with the opinion in the Parris case, *ante,* p. 435, the judgment herein is reversed and the defendant discharged. *Williams, C.,* concurs.

PER CURIAM.—The foregoing opinion of ROY, C., is adopted as the opinion of the court. All concur.

---

## THE STATE v. ELMER LOYD, Appellant.

**Division Two, June 23, 1914.**

Appeal from Iron Circuit Court.—*Hon. W. N. Evans,* Judge.

REVERSED.

259 Mo.—29

*Edgar & Edgar* and *J. H. Raney* for appellant; *Orchard & Cunningham* of counsel.

*John T. Barker*, Attorney-General, for the State; *Paul P. Prosser* and *S. P. Howell* of counsel.

ROY, C.—The defendant was convicted of rape under an indictment against him and Charles Parris and others. There were separate trials after severance. The facts are substantially the same in all these cases. In accordance with the opinion in the Parris *case*, ante, p. 435, the judgment herein is reversed and the defendant discharged. *Williams, C.*, concurs.

PER CURIAM.—The foregoing opinion of ROY, C., is adopted as the opinion of the court. All concur.

JOHN A. WENTZ v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, Appellant.

**Division One, June 30, 1914.**

1. **NEGLIGENCE: Passenger: Demurrer to Evidence.** A railroad company in carrying a passenger is required to exercise for his safety the highest degree of care known to and generally exercised by a very careful and prudent person in that class of business. Where plaintiff was a passenger on defendant's regular passenger train, and as it approached a station named Sterling an employee passed through and announced, "Sterling; twenty minutes for supper," and then proceeded to the front of the car, opened the car and the vestibule door, and raised the trap, and the passenger followed him and as soon as the trap was raised descended the car steps, and just as he was in the act of alighting the train started with a jerk and threw him down, injuring him, a demurrer to the evidence should not be sustained, even though it was a dark night, and the train had stopped at a railroad crossing, as it was by law required to do, two or three hundred yards from the station at Sterling, which was brilliantly illuminated. The acts of the employee amounted to an invitation for him to alight, and there being no evidence